USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                   :

  UNITED STATES OF AMERICA,          :

                                   :

                -v-               :             1:19-cr-702-GHW-2

                                   :

  HASAHN MURRAY,               :              ORDER

                                   :

                          Defendant. :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On January 20, 2026, the Clerk of Court docketed a motion by Hasahn Murray for an extension of his deadline to file a petition for *habeas corpus* under 28 U.S.C. § 2255 (the "Motion"). Dkt. No. 164. The Court directs that the Government file a response to the Motion no later than February 14, 2026.

In addition to any other information and argument that the Government wishes to present to the Court in response to the Motion, the Court requests that the Government provide a brief history of the state offense, the vacatur of which Mr. Murray points to as the trigger date for the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Motion asserts that the state conviction was reversed in October 2022, Motion at 2, and that Mr. Murray was acquitted of the offense in April of 2024, *id.* at 3. The Motion, which requests a 283-day extension of the deadline to file a petition, appears to be predicated on the understanding that the relevant trigger date was April 2024. That is the date of what Mr. Murray describes in his Motion as an acquittal (presumably following retrial), rather than the date of reversal of the conviction upon which the Court's guidelines calculation was predicated. The Court requests the Government's view regarding which date, if any, is the appropriate trigger date from which to

calculate the statute of limitations under AEDPA, in light of the Supreme Court's ruling that a "state court vacatur is a matter of fact for purposes of the limitation rule in the fourth paragraph." *Johnson v. United States*, 544 U.S. 295, 302 (2005).

Mr. Murray may file a reply to the Government's response.  Any reply must be filed no later than March 15, 2026.  If the Court does not receive a reply by that date, it will rule on the Motion based on the Motion and the Government's response alone.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail this order to Mr. Murray.

SO ORDERED.

Dated: January 31, 2026
      New York, New York

                                                GREGORY N. WOODS
                                      United States District Judge

2