USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X
                                :

   UNITED STATES,                  :

                                :

                                :

          -v-             :                        1:19-cr-702-GHW

                                :

   HASAHN MURRAY,        :                        <u>ORDER</u>

                                :

                  Defendant. :
--------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On February 27, 2026, Hasahn Murray filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c).  Dkt. No. 172 (the "Motion").[1]  The Motion requests that the Court grant him compassionate release because of his age at the time of his criminal conduct as well as his asserted rehabilitation while in prison, among other things.

The Court cannot grant the Motion because Mr. Murray has not satisfied the statutory preconditions for compassionate relief.  18 U.S.C. § 3582(c)(1)(A) reads in pertinent part as follows: "The court *may not* modify a term of imprisonment once it has been imposed *except that* . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ." *Id.* (emphasis added).  The language of this provision ("[t]he court may not") expressly prohibits the Court from granting relief unless the statutory preconditions are satisfied.  Mr. Murray's application does not show that he has satisfied the statutory preconditions, therefore, his

---

[1]  The Motion was docketed on March 2, 2026.

Motion is denied without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 172 and to mail a copy of this order to Mr. Murray.

SO ORDERED.

Dated: March 7, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2