UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                              :
   UNITED STATES,                                             :
                                                              :
                                                              :
                                                              :
              -v-                                             :
                                                              :
                                                              :
   HASAHN MURRAY,                                             :
                                                              :
                                    Defendant.  :
-------------------------------------------------------------- X

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED: 3/25/2026 | |

1:19-cr-702-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

Hasahn Murray has filed several recent applications for relief from the Court.  On January 30, 2026, a motion was filed requesting that the Court extend the deadline for him to file a petition for habeas corpus relief.  Dkt. No. 164.  Days later, on February 2, 2026, Mr. Murray filed a "Motion for Sentence Reduction under the 18 USC § 3582(c)(2) 821 Amendment."  Dkt. No. 166 (the "First Motion").  Mr. Murray's First Motion was relatively short:  in its two pages, he argued that under the recent sentencing guidelines amendment "if he receives a one (1) point reduction in his criminal history point calculations then he will move back to category V 5, thus lowering his guidelines range and range of punishment." *Id.* at 2.  After the Court received Mr. Murray's First Motion, the Court requested an updated PSR report from the probation department to determine whether Mr. Murray was eligible for a reduction in his sentence as a result of Amendment 821.  The updated PSR was delivered on February 24, 2026.  Dkt. No. 169.  Because the updated PSR demonstrated that Mr. Murray was not entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), the Court denied Mr. Murray's First Motion on February 26, 2026.  Dkt. Nos. 170, 171 ("The Court has considered the record in this case, and the Motion, pursuant to 18 U.S.C. § 3582(c)(2).").

One day after the Court entered its order denying Mr. Murray's First Motion for relief under 18 U.S.C. § 3582(c)(2), Mr. Murray filed another motion, also styled as a "Title 18 U.S.C.

§ 3582(c)(2) Motion for Reduction in Sentence." Dkt. No. 172 (the "Second Motion").  Although

Mr. Murray labelled his motion as one brought under Section 3582(c)(2), in his Second Motion, Mr.

Murray argued that "Extraordinary & Compelling circumstances warrant reduction in Murray's

Sentence." *Id.* at 4.  While his Second Motion refers to Section 3582(c)(2) and references

Amendment 821, the Second Motion predominantly requests a reduction of his sentence as a result

of "extraordinary and compelling circumstances," not a change in the sentencing guidelines.  *Id.* at 4-

11.

On March 7, 2026, the Court issued an order denying the Second Motion.  Dkt. No. 174

(the "Order").  In the Order, the Court construed the Second Motion to request relief not under 18

U.S.C. § 3582(c)(2)—the statutory label that Mr. Murray affixed to the Second Motion—but rather

under 18 U.S.C. § 3582(c)(1).  The Court did so for two reasons:  First because Mr. Murray is a *pro se*

litigant, the Court is required to construe his "submissions to raise the strongest arguments they

suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).  Mr. Murray's Second

Motion invoked "extraordinary and compelling circumstances" as warranting his early release.  18

U.S.C. § 3582(c)(1), not 18 U.S.C. § 3582(c)(2), permits early release on that basis.  As a result, the

Court was required to construe Mr. Murray's *pro se* submission to be based on the statutory

provision that might support his claim, not only the one that he invoked, which did not.  *McLeod*,

864 F.3d at 158 ("the district court was required to construe her complaint as asserting claims under

those laws, even if she failed to check the appropriate blank").  The second reason the Court

construed Mr. Murray's Second Motion to seek relief under 18 U.S.C. § 3582(c)(1) is that the day

before the Court received Mr. Murray's Second Motion, it had denied his First Motion seeking relief

under 18 U.S.C. § 3582(c)(2), because he was not entitled to relief under that statutory provision.

The Court denied Mr. Murray's Second Motion in the Order.  The Court concluded that Mr.

Murray had not satisfied the statutory preconditions to a motion brought under 18 U.S.C.

§ 3582(c)(1).  *See generally* Order.  As noted above, the Court had previously denied Mr. Murray's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).

On March 24, 2027, Mr. Murray filed a motion for reconsideration of the Order.  Dkt. No. 175 (the "Motion").  In the Motion, Mr. Murray argues that the Court improperly construed his Second Motion as having been brought under 18 U.S.C. § 3582(c)(1).  He argues that the Court overlooked the fact that "on it[]s face, [the] motion states "Title 18 U.S.C. § 3582(c)(2) Motion for Sentence Reduction"".  Motion at 1.  He also argues that "there is no reference in the body of [the] 11 page motion of relief being requested under '18 U.S.C. § 3582(c)(1)(A)' as the Court holds in it[]s (2) page order."  *Id.* at 2.  Mr. Murray does not acknowledge that the bulk of his Second Motion asks for early release because, in his view, "extraordinary and compelling" reasons existed for his release.

In his Motion, Mr. Murray discloses for the first time that he "did file a request for relief under 'Compassionate Relief'" with the warden of his facility.  *Id.* at 2.  He says that the warden had not responded as of March 17, 2026.  As a result, he argues, he has now complied with the statutory exhaustion requirement.

Local Criminal Rule 49.1(d) governs motions for reconsideration.  "Prior to the adoption of Local Criminal Rule 49.1, courts in this circuit applied the identical standard found in Local Civil Rule 6.3 of the Local Rules to motions for reconsideration in criminal cases.  Thus, the standard of review for motions seeking reconsideration is the same under Local Criminal Rule 49.1 as it is under Local Civil Rule 6.3 and the Federal Rules of Civil Procedure."  *United States v. Rice*, No. 96-CR-407 (SJF), 2015 WL 7459925, at *1 (E.D.N.Y. Nov. 24, 2015) (internal citations omitted).  "Motions for reconsideration are . . . committed to the sound discretion of the district court."  *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases).  "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly."  *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL

1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)).  As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2015) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

Mr. Murray's Motion does not provide the Court with good grounds to reconsider the Order.  First, there is no error in the Order.  The Court denied Mr. Murray's motion for relief under 18 U.S.C. § 3582(c)(2) when it denied his First Motion.  The Court properly construed Mr. Murray's Second Motion as one brought under 18 U.S.C. § 3582(c)(1) because the arguments that he presented in it were premised on the existence of "extraordinary and compelling" reasons for his early release.  That argument was plainly predicated on 18 U.S.C. § 3582(c)(1).  As described above, it would have been error for the Court to limit its analysis to the incorrect statutory provision cited in support of that argument by Mr. Murray, a *pro se* litigant.  The Court did not err when it gave Mr. Murray special solicitude and considered his argument under the correct statutory provision.

Nor did the Court overlook any facts when it issued the Order.  In his Motion, Mr. Murray states that he has now exhausted the statutory preconditions for a motion under 18 U.S.C. § 3582(c)(1).  But he had not as of the date of the Order.  Mr. Murray's satisfaction of the statutory precondition is a new fact, not one previously presented to, and overlooked by, the Court. Therefore, there is no reason to reconsider the Court's decision in the Order.

Because Mr. Murray is proceeding *pro se*, and the Court understands that he has now satisfied the statutory exhaustion requirement for a motion for compassionate release under 18 U.S.C. § 3582(c)(1), the Court will examine Mr. Murray's Second Motion on the merits to determine whether compassionate release is appropriate and will issue its decision on that question in due

4

course.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Murray and to terminate the motion pending at Dkt. No. 175. Because Mr. Murray's Motion suggests that he may be unaware that the Court issued a separate set of orders denying his request for relief under 18 U.S.C. § 3582(c)(2), the Court also directs the Clerk of Court to mail Mr. Murray copies of the orders at Dkt. Nos. 170 and 171.

SO ORDERED.

Dated: March 25, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

5